# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

OLE P. GEDERHOLM *vs.* N. T. DAVIES.

Submitted on briefs Oct. 2, 1894. Affirmed Oct. 30, 1894.

No. 9203.

**When appeal will not avail.**

Where, on a motion for judgment in the court below, the order therefor is made on default, an appeal from the judgment will not avail until an application for relief has been made to the court granting the order.

Appeal by defendant, N. T. Davies, from a judgment of the District Court of Freeborn County, *John Whytock*, J., entered July 3, 1894.

On February 16, 1894, Davies commenced an action in Justice's Court against Ole P. Gederholm. The summons returnable February 28, 1894, was delivered to a constable to be served. He made return thereon that he had personally served it. Gederholm did not appear on the return day, but Davies appeared, proved his claim and obtained judgment for $47.60. After the time expired in which he could appeal Gederholm was informed of the entry of the judgdent against him. He thereupon commenced this action April 24, 1894, in the District Court against Davies stating in his complaint that he was not served with the summons in the action against him in the Justice's Court and praying that the judgment of the Justice be adjudged void. Davies answered in person May 14, 1894, denying each and every allegation of the complaint.

v.59 M.—1

Gederholm gave notice that he would move the court June 2, 1894, on affidavits and the pleadings to strike out the answer as sham and for judgment.   On that day the parties appeared, but the court adjourned the hearing of the motion to June 12, and on June 8, 1894, again adjourned it to June 16, 1894.   On this last named day Davies did not appear to oppose this motion and the court on his default granted it, struck out the answer and ordered that Gederholm have judgment as prayed in his complaint with costs.   Such judgment was entered July 3, 1894, and Davies without asking in the District Court for relief from his default, appeals from the judgment.

*Quinn & Putnam*, for appellant.

There is nothing in the record showing a valid adjournment from June 12, to June 16, 1894.   There is a letter from John Whytock dated at Preston, Minn., June 8, 1894, to John Anderson at Albert Lea, Minn., with an affidavit of John Anderson showing service of the same as an order of the court adjourning the hearing to June 16, 1894, but nothing more.   This letter is not sufficient to work an adjournment of the hearing.   It is simply a private letter from Whytock to Anderson, and there is nothing about the letter to indicate that it was written by the Judge in his official capacity.

The hearing of the motion on June 16, 1894, was irregular as no proper notice thereof was given to Davies.   The order made and the judgment entered pursuant thereto were for that reason erroneous and should be reversed.

*John Anderson*, for respondent.

As there was no actual appearance by Davies at the hearing of the motion it was granted as a matter of course.   If he desired to contest the motion he should have applied to the District Court on affidavits, showing want of notice as his excuse for nonappearance and have asked to have the motion opened and argued and decided on its merits.   The objections which appellant presents should be first raised or presented in the District Court by motion or otherwise. *Nudd* v. *Home Ins. & B. Co.*, 25 Minn. 100.

COLLINS, J.   Whether the postponement of the hearing of plaintiff's motion to strike out defendant's answer as sham, and for judg-

ment, was regular or irregular, the judgment appealed from must be affirmed.    The order for judgment was made on default, and, before appealing to this court, it was incumbent upon defendant's counsel to apply for relief to the court making such order.    Judgment affirmed.

(Opinion published 60 N. W. 676.)

